SUMMARY ORDER
The two mandamus petitions now before us arise out of the securities litigation that followed the collapse of WorldCom. In one petition, the “Remand Petition,” petitioners ask us to issue a writ of mandamus directing the United States District Court for the Southern District of New York (Denise Cote, Judge) to vacate its orders denying petitioners’ motions to remand actions brought under sections 11 and 12 of the Securities Act of 1933 to various state courts. In a second petition, the “Consolidation Petition,” petitioners ask us to issue a writ of mandamus directing the District Court to vacate its May 28, 2003 order consolidating petitioners’ actions with a class action for pretrial purposes and vesting authority for conducting discovery and motion practice in the lead class-action plaintiff.
Because interlocutory appeal pursuant to 28 U.S.C. § 1292(b) remains a possible and adequate avenue for appellate review of the District Court’s orders, and also because petitioners’ right to relief in this case is not “clear and indisputable,” In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir.1988), the petitions are denied.
With respect to both petitions, Judge Oakes dissents. Judge Oakes believes that, under the principles of In re von Bulow, 828 F.2d 94 (2d Cir.1987), the petitioners are entitled to a writ of mandamus if the District Court erred in holding that 28 U.S.C. §§ 1334 and 1452 control over Section 22(a) of the Securities Act of 1933. In the absence of a writ of mandamus with respect to the Remand Petition, Judge Oakes would issue a writ of mandamus directing the District Court to vacate its consolidation order of May 28, 2003. The majority, on the other hand, believes that, with respect to both petitions, the standards for a writ of mandamus have not been met.